IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATHLEEN REYNOLDS, | § |
| Plaintiff, | § § § |
| v. | § No. 4:14-cv-1857 |
| GC SERVICES LIMITED PARTNERSHIP, | § § § |
| Defendant. | § § |

## PLAINTIFF'S COMPLAINT

KATHLEEN REYNOLDS ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES LIMITED PARTNERSHIP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Texas Statute, Finance Code, § 392.302 *et seq*. ("Texas Finance Code").

### JURISDICTION and VENUE

3. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business and is located in the State of Texas thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Bear, Delaware.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Finance Code § 392.001(1).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Finance Code § 392.001(2).

9. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Finance Code § 392.001(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant has been assigned an account from a third party to collect monies from Plaintiff which is believed to be owed and past due ("debt").

13. The alleged debt arises from transactions which were for personal, family and/or household purposes.

14. In connection with its attempts to collect the alleged debt, Defendant started placing telephone calls ("collection calls") to Plaintiff at telephone number (302) 836-31xx.

15. When Plaintiff is unable to answer her telephone, callers are given an opportunity to record a message ("voicemail") for Plaintiff.

16. In or around March, 2014, Defendant placed a collection call to Plaintiff which she was not able to answer.

17. Accordingly, Defendant recorded a message for Plaintiff on her voicemail.

18. Defendant's voicemail for Plaintiff stated:

> Hello, this message is for Kathleen Reynolds, my name is Ashley (*surname*), I would appreciate your calling me back. You can reach me at 866-391-0768, extension 5089. Thank you.

19. Defendant instructed Plaintiff to return the call to 866-391-0768, which is a telephone number assigned to Defendant by its telephone service provider(s).

20. Defendant's voicemail to Plaintiff failed to identify Defendant's company or business name.

21. Defendant's voicemail to Plaintiff failed to inform Plaintiff that Defendant, or its employee, was a debt collector.

22. Defendant's voicemail withheld the true nature of its call, to collect a debt, in order to deceive Plaintiff into calling Defendant and obtain payments directly.

23. Defendant used deceptive representations in connection with its attempts to collect the alleged debt by not identifying itself, by not disclosing the true purpose of its phone call and by not disclosing that it is a debt collector.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

   b. Defendant violated §1692d(6) of the FDCPA when Defendant placed telephone calls without meaningful disclosure of the caller's identity;

    c. Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt;

    d. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its message that it was a debt collector.

WHEREFORE, Plaintiff, KATHLEEN REYNOLDS, respectfully requests judgment to be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

25. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

27. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED
## THE TEXAS FINANCE CODE

28. Defendant violated Texas Finance Code based on, but not limited to, the following:

    a. Defendant violated § 392.302(2) of the Finance Code by placing phone calls without disclosing Defendant's name;

    b. Defendant violated § 392.304(a)(5) of the Finance Code by communicating with Plaintiff without disclosing that the communication was in an attempt to collect a debt.

WHEREFORE, Plaintiff, KATHLEEN REYNOLDS, respectfully requests judgment to be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

29. Injunctive relief pursuant to Texas Finance Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Finance Code;

    30.    Costs and reasonable attorneys' fees pursuant to Texas Finance Code § 392.403(b);

and

    31.    Any other relief that this Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

Dated: July 2, 2014           By: /s/ Ryan Lee
                                  Ryan Lee
                                  Krohn & Moss, Ltd.
                                  10474 Santa Monica Blvd., Suite 405
                                  Los Angeles, CA 90025
                                  Tel: 323-988-2400 x241
                                  Fax: 866-861-1390
                                  rlee@consumerlawcenter.com

                                  Adam T. Hill
                                  Krohn & Moss, Ltd.
                                  10 N. Dearborn St., 3rd Fl.
                                  Chicago, IL 60602
                                  Tel: 312-575-9428 x242
                                  Fax: 866-861-1390
                                  ahill@consumerlawcenter.com

                                  *Attorneys for Plaintiff*